Clifford W. POTTER, Regional Director for Region Twenty-three of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

PLUMBERS AND PIPE FITTERS LOCAL UNION 142, affiliated with United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL–CIO, Respondent.

Civ. A. No. 67–106–SA.

United States District Court
W. D. Texas,
San Antonio Division.

Nov. 8, 1967.

Richard Linton, Attorney, N.L.R.B., Department of Labor, Washington, D. C., for petitioner.

Arthur M. Gochman, Maverick, Tynan & Gochman, San Antonio, Tex., for respondent.

ROBERTS, District Judge.

This cause came on to be heard upon the verified petition of Clifford W. Potter, Regional Director of Region Twenty-three of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10($l$) of the National Labor Relations Act, as amended (herein called the Act), pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held beginning on November 8, 1967. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issues, and to argue on the evidence and the law. The Court has fully considered the petition, answer, evidence, arguments, and briefs of counsel. Upon the entire record, the Court makes the following:

FINDINGS OF FACT

1. Petitioner is Regional Director of Region Twenty-three of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about October 31, 1967, Cross Construction Co., Inc., (herein called Cross), pursuant to the provisions of the Act, filed a charge with the Board alleging *inter alia* that Plumbers and Pipe Fitters Local Union 142, affiliated

with United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO (herein called Respondent), a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii) (B) of the Act.

3. The aforesaid charge was referred to Petitioner as the Regional Director for Region Twenty-three of the Board.

4. There is, and Petitioner has, reasonable cause to believe that:

(a) Respondent, an unincorporated association, is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) At all times material herein Elton E. Schroeder has been Business Manager of Respondent.

(c) Respondent maintains its principal office at 231 N. Center, San Antonio, Texas, and at all times material herein Respondent has engaged within this judicial district in transacting business and in promoting and protecting the interest of its employee members.

(d) Cross is a Texas corporation engaged at a construction site near Bulverde, Texas, as a general contractor in the construction of a radio relay communications station for American Telephone and Telegraph Company (herein called the AT&T job). During the past 12 months, Cross has purchased goods and materials from points outside the State of Texas, which goods and materials were valued in excess of $50,000. and which goods and materials were delivered to Cross at points inside the State of Texas.

(e) John Bright Enterprises, Inc., (herein called Bright) is a Texas corporation and is engaged in the business of a plumbing and mechanical contractor in Texas and other states of the United States. During the past 12 months, Bright has purchased goods and materials from points outside the State of Texas, which goods and materials were valued in excess of $50,000. and which goods and materials were delivered to Bright at points inside the State of Texas.

(f) Since on or about July 19, 1967, Bright has been engaged at the Bulverde, Texas, construction site of the communications station of American Telephone and Telegraph Company doing plumbing and mechanical work under a subcontract from Cross.

(g) Acklin Electric Co., Inc., (herein called Acklin) is a Texas corporation engaged in the business of an electrical contractor. Cross subcontracted the electrical work on the AT&T job to Acklin. At all times material herein Acklin has been performing electrical work at the job site.

(h) At no time material herein has Respondent had any labor dispute with Cross.

(i) On or about August 1, 1967, and again on or about August 7, 1967, and continuing to date, Respondent threatened Cross that it would picket the AT&T job site so long as Bright was the mechanical contractor on the job or so long as Cross or American Telephone and Telegraph Company did business with Bright on the Bulverde communications station project.

(j) Respondent, on or about October 31, 1967, and continuing to November 3, 1967, has picketed at the premises of Cross at the entrance to the AT&T job, and has ordered, instructed, requested and appealed to the employees of Cross and other employers engaged in commerce, to cease work, or to continue such cessation of work, during the period such picketing is conducted.

(k) As a result of Respondent's conduct set forth in Findings of Fact 4(j), approximately 40 employees of Cross and other secondary employers and persons engaged in commerce, or in an industry affecting commerce, ceased working and refused to cross such picket line. As

a consequence, Cross and other employers are unable to proceed with construction of the AT&T job.

(l) By the acts and conduct set forth in paragraph 4(i), (j) and (k) above, and by other means including orders, directions, instructions, requests and appeals, Respondent has engaged in and has induced and encouraged individuals employed by Cross and other persons engaged in commerce or in an industry affecting commerce to engage in a strike or refusal in the course of their employment to use, manufacture, process, transport or otherwise handle or work on goods, materials, articles, or commodities or to perform services and has threatened, coerced and restrained Cross and other persons engaged in commerce or in an industry affecting commerce.

(m) An object of the acts and conduct of Respondent set forth in paragraph 4(i), (j), (k) and (l) above, was and is to force and require Cross, and other persons engaged in commerce or in an industry affecting commerce, to cease using, selling, handling, transporting or otherwise dealing in the products of and to cease doing business with Bright.

(n) The acts and conduct of Respondent set forth in Finding of Fact 4(i), (j), (k), (l) and (m) above, occurring in connection with the operations of Cross and other employers, have a close, intimate and substantial relation to trade, traffic and commerce among the several States and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

5. It may be fairly anticipated that, unless enjoined Respondent will continue or repeat the acts and conduct set forth in paragraph 4(i), (j), (k), (l) and (m) above, or similar or like acts and conduct.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act is empowered to grant injunctive relief.

2. There is, and Petitioner has, reasonable cause to believe that:

(a) Respondent is a labor organization within the meaning of Sections 2(5), 8(b) and 10(l) of the Act.

(b) Elton E. Schroeder is an agent of Respondent within the meaning of Sections 2(13), 8(b) and 10(l) of the Act.

(c) Bright is engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(d) Cross and Acklin are engaged in commerce or in an industry affecting commerce.

(e) Respondent has engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraph (B) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b) thereof.

3. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board, Respondent, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them be enjoined and restrained from the commission, continuation, or repetition, of the acts and conduct set forth in Findings of Fact 4(i), (j), (k), (l), (m) and (n) above, acts or conduct in furtherance or support thereof, or like or related acts or conduct the commission of which in the future is likely or may fairly be anticipated from Respondent's acts and conduct in the past.